BENJAMIN ELLIS, Respondent, v. SMITH TRANSFER CORPORATION, Defendant, and NEWTON PAPER Co. et al., Appellants.— In consolidated actions to recover damages for personal injuries, the defendants Newton Paper Co. and Sonoco Products Co., Inc., appeal, as limited by the brief, from so much of an order of the Supreme Court, Kings County, entered October 22, 1964, as granted plaintiff's motion to dismiss defenses that (a) appellants lacked the capacity to be sued; and (b) neither appellant was subject to the court's jurisdiction. Order, insofar as appealed from, reversed, with $10 costs and disbursements; and matter remanded for further proceedings consistent with this opinion. Appellants are foreign corporations which plaintiff seeks to hold responsible for injuries received in Brooklyn when he was unloading paper which he alleges the appellants caused to be loaded on a carrier in Holyoke, Massachusetts, for shipment to plaintiff's employer in New York. Appellants answered, *inter alia*, that one corporation had been dissolved more than three years prior to being served and that neither had transacted any business within the State. These allegations were struck out below solely on the basis of affidavits. The record contains little evidence, if any, of any act by which appellants availed themselves of the privilege of conducting activities in New York, thus invoking the benefits and protection of our laws. This is the *sine qua non* of each case where jurisdiction is founded on CPLR 302 (subd. [a], par. 1) (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 15 N Y 2d 443). The record does contain documentary evidence indicating that the plaintiff is correct as to the dissolution date of one of the appellant corporations, but this is put in issue not only in appellants'

answer but by its attorney's affidavit to the effect that the documentary evidence attached to plaintiff's moving papers concerns another corporation of almost exactly the same name and which was dissolved in 1961, a year later than appellant ,Newton. Despite evidence dehors the record tending to support plaintiff, we are of the opinion that under the circumstances appellants should have a hearing as to the validity of the two defenses in question. The hearing should be held in the light of the policies set forth by the Court of Appeals in the *Longines* decision (*supra*), which was after the date of the order from which this appeal was taken. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.